312-0147, People of the State of Illinois, Appellee by Laura DePico, v. Edwon Payne, Appellant Carrie Bryson. Ms. Bryson, good afternoon. Good afternoon, Your Honors. May it please the Court, Counsel. My name is Carrie Bryson, and I represent Defendant Edwon Payne on behalf of the Office of the State Appellate Defender. In the briefs, we've raised four issues. I'd like to focus on the first two of those issues today, dealing with Mr. Payne's fitness for trial, but would be happy to entertain questions on any of the issues in the briefs. If I began my argument today by telling this Court that I wanted to call some witnesses, maybe the President of the United States, who I know personally, maybe former Senator Carol Mosley Braun, who I also know personally, and that they would vouch for me or provide character evidence, Your Honors, would have concerns about my mental health. If I continued on and told this Court that there was some significance to the victim's names in this case, and that those names were similar to some other individuals, maybe a famous singer, maybe a relative of mine, and that somehow that significance bore relevance to the issues before the Court in a murder trial, your concerns would be amplified. And if I went on to say that through recollection I had recently learned that the child victim in a case was my child, your Honors would question my fitness to proceed. In this case, my client made statements like that in open court on the record, and his counsel raised the concern about fitness and asked the court to order a fitness evaluation on the day the trial was scheduled to begin. Counsel also noted that he had had difficulties communicating with his client and was questioning his fitness for those reasons as well, that even trying to review the most basic of matters, his client would engage in stream-of-consciousness ramblings unrelated to what was at hand and unable to focus on the issues they needed to review to prepare for trial. Now the state argued that defense counsel's concerns were unfounded and cited back to a prior fitness evaluation saying that Mr. Payne was fit, that he had been diagnosed with antisocial personality disorder, and predicting that that disorder would cause him to do things to delay trial and be uncooperative. The court found no evidence that Mr. Payne did not understand the charges and no evidence he could not cooperate, but was simply refusing to That was an abuse of discretion, and that's the issue we've raised as issue two in the brief. The trial and conviction of a person who is incompetent to stand trial, as this court is well aware, is a due process violation. And three factors have been cited by the courts as weighing in and determining whether there is a bona fide doubt of fitness. Those factors are the rationality of the behavior or the defendant's demeanor in court, any prior medical opinions regarding fitness, and then defense counsel's own representations about his client's competency. All three of those factors plainly suggest unfitness here. First of all, defense counsel, as I noted, raised a fitness concern and cited to both the communications in court and then private meetings with his client. Second, the judge was able to observe the defendant in court where the defendant made statements like those I cited at the opening of this about the existence of ESP and making some complaints about something he referred to as non-integrated jury selection, though he didn't explain what that meant, and I'm at a loss to explain it myself. Finally, this defendant had previously been found unfit. In this case, in August of 2010, there is a fitness report, and it's in the record, finding him unfit and citing the existence of a mood disorder, which the evaluator said was likely the result of bipolar disorder, and also diagnosing him with severe depression. Also, in 2009, in another case, this defendant had been found unfit and subjected to inpatient treatment for just a little over four months at Chester Mental Health, and that is cited too in the evaluations that you have in the record. At that time, in 2009, he was discharged as being diagnosed bipolar, hypomanic with psychotic features, having antisocial personality disorder, and a history of substance abuse. Also, there's reference to a possible 2003 and 2005 diagnoses of unspecified psychosis. There's a longstanding history of mental health issues with this individual, and those mental health issues had caused him to be found unfit on at least two prior occasions, one of which was in this case. Again, the state relies heavily on the later diagnosis, later report, and finding him fit in this case as precluding the finding of unfitness at this point, in the November hearing. The state says because that February report, February 2011, diagnosed him antisocial and predicted that he might be uncooperative or defiant, it's almost like they're arguing he's forever fit, that this one diagnosis and that line in that report precludes a later finding that there's a bona fide doubt of his fitness, and that can't possibly be the case. Mental health is something that's fluid. It's ever-changing, and that's clearly evidenced in this case where this defendant has been in and out of fitness over the years and in various criminal proceedings. The case law says that a prior finding of fitness is not conclusive evidence of fitness in the face of abnormal behavior. We've cited that in the brief. Here, the court should have ordered an evaluation upon the request of defense counsel and upon observing this bizarre behavior by the defendant and these bizarre comments in court to determine if Mr. Payne's mental health issues at that time were such that they were attributable to this antisocial personality disorder and he was acting willingly, or if there was an actual fitness issue here. There's another problem with relying on this February 2011 report and then the March 2011 hearing where the defendant was found restored to fitness, and that is that we've challenged the validity of that fitness restoration proceeding as well. Problematic with regard to that proceeding is that the judge failed to exercise any discretion in finding the defendant fit. That was in March of 2011, and we've addressed that as issue one in the brief. At the March hearing, defense counsel came before the court and said the parties would stipulate to the report, that's the February 2011 report from DHS, that they would stipulate that the doctor would testify consistent with the report and would so stipulate as to a finding of fitness. The state said, I agree with the stipulation and the finding, that was the prosecutor's comment, and the judge immediately said, I will make the finding based on the stipulation that the defendant is now fit to stand trial. That's a shortcut. Problematic is the failure to exercise discretion, and there's nothing on this record that shows an affirmative exercise of discretion by the court at the time you found the defendant restored to fitness. The state agrees that the record needs to reflect an affirmative exercise of discretion. The contorno case from the second district, which is discussed in the briefs, is indistinguishable from what happened here. There the parties stipulated to the expert's report, the court found the defendant fit pursuant to the stipulation, and the appellate court found that it appeared from the record that the court merely accepted the doctor's conclusions. The record failed to demonstrate any analysis of the expert's opinion or any discretion in finding the defendant contorno fit. The same thing happened here. The court acted on the stipulation alone. The parties stipulated to the report, testimony consistent with the report, and to a finding of fitness, and the court immediately found the defendant fit. The court didn't make any observations of the defendant, the court didn't talk to the defendant, the court didn't talk to the parties, didn't ask any questions of the parties, simply immediately entered a finding of fitness after the stipulation. Now at a restoration hearing, a judge can consider stipulated testimony, but may not rely solely on a stipulation to an expert's conclusions or findings. The court must analyze and evaluate the basis for an expert's opinion. The state says the judge should not indicate he relied solely on a stipulation to the finding of fitness, but the record doesn't show the court relied on anything else. The court immediately entered the fitness finding right after the parties stipulated. Now neither of these fitness issues that I've talked about today were preserved. There was no objection to the fitness hearing at the time. It wasn't raised in the post-trial motion, and neither was the denial of the fitness evaluation. As we've argued in the briefs, it should be reviewed as plain error. The state doesn't dispute plain error, it just disputes there is error. As we've argued, there is error. If this court finds error, then the state essentially has conceded that the error is plain, under the second prong of the plain error analysis. The state has also argued that the error here was harmless beyond a reasonable doubt. As we've argued in the briefs, contest that, that it is reversible error. The state has improved it harmless beyond a reasonable doubt. The court's doubts about this defendant's fitness initially were clear, an evaluation was ordered. He was subject to inpatient treatment for several months after being found unfit, and there are ongoing concerns about fitness reflected in the record. So for the reasons we've argued in the briefs and I've argued here today, I'd ask the court on the basis of the fitness issues that have been presented to reverse and remand for a new trial. Thank you. Thank you. Ms. DeMichel, good afternoon. Good afternoon. May it please the court, counsel, Laura DeMichel on behalf of the people. The people will focus on the issues that the defendant has focused on, but happy to take questions on the other two as well. I'll address the issues in the order they were raised in the brief. First, the fitness restoration hearing was sufficient. A finding of fitness cannot be based only on a stipulation to a finding of fitness, but there's more than that in this case. Defense counsel stated that the parties would stipulate to the doctor's report and also that the doctor would testify consistent with the report, then said we'd so stipulate as to a finding of fitness. The prosecutor agreed with the stipulation and the finding, that she said both the stipulation and the finding. In the case she viewed, the stipulation is separate from the finding. And the judge said that the court will make the finding based on the stipulation that defendant is fit. He did not say he accepted the stipulation of the finding only. He said the court will make the finding and the stipulation had included the report and testimony consistent with that report. Is there any indication that the court had looked at the report? Well, the report had been in the court file for just under two weeks, and the judge would have obviously been aware of what hearing he had in front of him that day. The judge's duty actually to make sure that the fitness hearing happens within two weeks. The statute says the judge shall do it, so the burden would be on the judge to do that. So the answer to the question is no? The judge never said on the record, I read this report, but the judge in Lewis, Robinson, or Mooson, in none of the other cases in which the hearings have been found sufficient did the judge say on the record, I read this report. Instead, the cases must be relying on the fact that the judge is presumed to come prepared for the hearings they have. The judge is presumed to know and apply the law properly unless the record indicates otherwise. In Contorno, the record indicated otherwise because the judge's written order explicitly said that he relied on the finding, the stipulation to the finding of fitness. If we're going to rely on the technicalities that you're talking about, that the defense attorney said the report and the stipulation, and that the state's attorney said the findings and the stipulation, why isn't it necessary for the trial court to say the stipulations and something? The court did note in his written order that the parties had stipulated to the report. So if we're looking for the court to have indicated the stipulation was not to the finding of fitness, he actually did that in this case. That's what distinguishes it from Contorno. The written order in Contorno indicated that in a potentially ambiguous situation, he considered only the finding of fitness. This report indicates the opposite, that the report was what the stipulation was viewed as, the judge viewed the stipulation as being the report that's reflected in his written order. And given that the stipulation had been discussed to the report as well as to the testimony consistent with the report in court, and that the order states that as well, the record does reflect that the judge considered that report. I have a question about something you said. You said a judge is presumed to know the law, and I think that is supported by the case law. But you also said a judge is presumed to be prepared and ready for the hearing. Is that in the case law? Well, I believe the judge, you said he's presumed to be ready and prepared. Where does that presumption come from? Is it supported by case law? I would believe that would be an offshoot of the judge being presumed to know and properly apply the law. In this case where the judge could act on a stipulation to the report, and he accepted that stipulation to that report, then I believe that's just an offshoot of that case law. Sometimes I like to be instructive on the bench. Many years ago I was a prosecutor, and I remember on more than one occasion having a very sinking feeling when I watched a judge open the sealed envelope of a pre-sentence report on the bench on the day of the sentencing hearing. So unless you can cite the case to me... I would rely on the fact that the report had been in there for two weeks. It's the judge's duty to call that hearing. He would have had to read the report in order to know that he was required to call it. His written order reflected the stipulation to the report. So if he accepted the stipulation to the report and that's what his finding is based off of, then I'd rely on that order. They also stipulated that the doctor would testify in conformity with the report. They did. In the Lewis case and in the Robinson case, so although it's a very narrow distinction between stipulating to the testimony and stipulating just to a finding of fitness, it's the distinction that the cases make. Lewis made it first. Robinson also makes it. This case is actually very similar to Robinson. In Robinson, the trial judge didn't state, I read the report, the trial judge stated that the stipulation would include the fact that the defendant with medication is fit. The trial judge said that, so the trial judge discussed that the stipulation would include a stipulation to the finding of fitness. The defense counsel added that the doctor would so testify. The Robinson court still held that the hearing was sufficient because of the stipulation to the doctor's testimony as well as that stipulation to the finding of fitness. In that regard, there's nothing further in that record either with the judge saying, I read the report. There's not that in Lewis either, but the ability to stipulate to the opinion testimony in the doctor's was what was present in that case and it's present here as well. Regarding the second issue, the trial judge acted within his discretion in not ordering a second fitness examination. The judge had previously held the fitness hearing. At that fitness hearing, he found that the defendant was restored to fitness. The report, which was mentioned at the time again when defense counsel said he was beginning to have some concerns, the parties again brought up the report and they again brought up the fact that they had previously stipulated to the testimony of the doctor to the report. That report described how defendant would refuse to cooperate and attempt to delay trial even though he was capable of cooperating. The report also described odd behavior and statements so those were nothing new by the time of the second hearing. Despite noting odd behavior and statements, the psychiatrist still had explained how defendant was fit. Specifically, defendant had performed well on fitness testing, he had no difficulty understanding the legal charges and other legal matters and he was capable of assisting in his defense. The record reflects that he often refused to come to court on numerous occasions. Defense counsel had expressed frustration on previous occasions that he had refused to discuss the evidence with him but on the actual day of trial, the record reflects defendant could, he did make the bizarre statements, that's absolutely true, but the judge had to act within his discretion in determining whether consistent with those reports, the statements were intended to be further disruptive behavior as predicted in the report or indicated further fitness concern. Defense counsel had not even been unambiguous, he just said he was beginning to have concerns but defense counsel also stated that day that he had discussed numerous legal issues with the defendant that day and he also stated that defendant had been cooperative and communicative that day. The court also noted that defendant was cooperative when he did make it to court although he had previously refused to on many occasions. At trial, defendant did comment on objections and evidence, he did note that he discussed a DVD that was going to be shown the next day with his counsel and he did comment that he had discussed the right to testify with his counsel and explained why he chose not to testify. So he clearly expressed an ability to assist in his defense and to understand the proceedings against him and the fitness is just a very narrow question of the ability to understand the proceedings against him and the ability to assist in his defense. Not the person's mind would be otherwise unsound but as long as those criteria are met they are still fit. So the trial judge was in a superior position to observe and evaluate defendant's conduct. Here he acted within his discretion in not ordering a second fitness hearing. I have a question about the remedy that you request with regard to issue 1. If it was not a proper fitness hearing then you suggest we shouldn't remand for the trial court and give the trial court directions to consider the stipulation to the doctor's testimony in his entire report. The trial judge could consider whatever he wanted at that point. I wouldn't limit it to that. I was just noting that in this case the retrospective hearing would be the proper remedy because there was the report there was the stipulation to the testimony so there would be information on the mental status at that time upon which the decision could be based even though some time has passed. And if the trial judge reviewed the report and reached the opposite conclusion what then? If he concluded that he was unfit if he was unfit then he would have to have a new trial. So the first step would be So we would remand it and leave it up to the trial court whether a new trial was in order or not? Right, that's the retrospective fitness hearing determines the issue of fitness and obviously if the judge finds he was unfit a trial of an unfit defendant would violate due process so if the judge concludes he was unfit and it turns out that he was unfit You don't cite a case for the retrospective fitness hearing is there case law that supports that approach? Oh, there's the Mitchell case that is I think the Mitchell case says that retrospective fitness hearings are the norm That's a 2000 case I don't have a citation on my notes with me. I think it would be on the last page of my first issue I'll find it Any other questions? I think it's on page 26 the appropriate remedy would be a retrospective fitness That's what you're for Thank you Ms. Breslin Thank you, Your Honors Just to address a couple things that came up in counsel's argument I want to talk about the cases that the state relies on Lewis, Robinson, and Mounson In Lewis, there was a stipulation to the reports testimony consistent with the reports but they provided detail about what that testimony would be He examined the defendant The defendant was not fit It wasn't just a stipulation but they elaborated a little In Robinson, there's even more going on They stipulate the testimony but the judge also inquired of the defendant showing some exercise of discretion In Mounson, there's stipulation to the report The appellate court found that it was clear from the record that the court had reviewed the report and the court there also engaged in some exchange with the defendant on the record Here, there's no exchange with anyone The court doesn't talk to anybody The court simply accepts the stipulation and finds fitness The key is the exercise of discretion That's really the substance here Not with some magic language used in terms of presenting the stipulation but is there an affirmative exercise of discretion? Here, the party stipulated to the report, to testimony consistent with the report and to a finding of fitness and the judge entered a finding of fitness Nothing more. There is nothing on this record to show that the court reviewed the report There is nothing in the case law that says the judge is presumed to come to the bench prepared, having read the things that have been submitted ahead of time The standard is whether the record shows an affirmative exercise of discretion. This record does not show that For that reason, that fitness restoration hearing was inadequate The question about the remedy We've asked for a reverse and remand for a new trial There is also case law that says that's an appropriate remedy Both have been entered If this court would send it back for a retrospective fitness hearing we would agree What was the date of the fitness report? The report that issued here was February 2011 So we're talking three years It is so fluid Here we've had later concerns about fitness that came up too In this particular individual it seems the mental health has been particularly fluid and fitness has been something he's been in and out of I would suggest the court look at the specific facts of this case The E. Tsang case talks about reverse and remand for a new trial and cites the reasons they did that including these ongoing concerns about fitness I would ask that this court reverse and remand for a new trial but if this court were inclined to send it back for a retrospective fitness hearing that there be no limit on what would be presented to the court The case law doesn't suggest any such limit Unless the court has other questions Thank you We thank both of you for your arguments this afternoon We'll take the matter under advisement and we'll issue a written decision as quickly as possible The court will stand in brief recess for a panel change